IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|   |   |   |
|---|---|---|
| B&D PARTNERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 04-1332-T/An |
| | ) | |
| JACK PASTIS and CHANTANA S. | ) | |
| WALKER, Individually and d/b/a | ) | |
| CLASSIC RESTORATION, INC., and | ) | |
| CLASSIC RESTORATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

### ORDER DENYING MOTION TO SET ASIDE SUMMARY JUDGMENT

---

On April 6, 2005, the Court issued an order granting plaintiff's motion for summary judgment; the order was entered on the docket on April 8, 2005. Judgment was entered on April 13, 2005. On April 26, 2005, defendants filed a motion to set aside the grant of summary judgment, pursuant to Fed. R. Civ. P. 60(b). Plaintiff has filed a response.

In the order granting summary judgment, the Court noted that the defendants had failed to respond to the plaintiff's motion, and had also failed to respond to a Request for Admissions that had been served upon them by plaintiff. Consequently, the matters set forth in the Request for Admissions, submitted by plaintiff in support of the motion for summary judgment, were deemed admitted. In light of those admissions, which were unrefuted, the Court concluded that plaintiff was entitled to judgment as a matter of law.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 5/9/05



Rule 60(b) provides that a final judgment or order may be set aside for the reasons enumerated in six subsections. The defendants in this case rely upon subsection (1), which provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

A motion under this provision of Rule 60(b) is

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000) (quoting Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999)). "In order to establish eligibility for relief under Fed. R. Civ. P. 60(b)(1), a moving party must show (1) The existence of mistake, inadvertence, surprise, or excusable neglect[, and] (2) That he has a meritorious defense." Rice v. Consol. Rail Corp., 67 F.3d 300 (Table), 1995 WL 570911, **3 (6th Cir. Sept. 27, 1995) (citation and internal quotation marks omitted). The defendants contend that their failure to respond to the motion for summary judgment was the result of excusable neglect.

Defendants' counsel of record in this Court is Russell Rice, Jr. Mr. Rice is the only attorney who has made an actual appearance for the defendants and the only one whose signature is on the Notice of Removal and the Answer and Counter-Complaint filed on behalf of the defendants. However, both of those documents also designate the Moffett Law Firm, PLLC, a law firm in Mississippi, "Of Counsel." The defendants state, in their Rule 60(b) motion, that it was T. K. Moffett who asked Mr. Rice to act as local counsel in this case, and that it was Mr. Moffett who prepared both the Notice of Removal and the Answer and Counter-Complaint. The certificates of

2

service on the documents filed on behalf of the plaintiff show that both Mr. Rice and Mr. Moffett were served, at their current addresses, with copies of plaintiff's Answer and Motion for Summary Judgment.

The defendants assert that Mr. Rice did not receive his copy of plaintiff's motion for summary judgment until fifteen days after it was filed "due to relocation of his office and the fact that mail has to be diverted to him through Memphis as forwarded mail." (Mot. to Set Aside, at 1.)[1] Defendants further assert that, after Mr. Rice finally received the motion for summary judgment, he assumed that it would be handled by Mr. Moffett. However, Mr. Rice apparently failed to verify that assumption by actually contacting Moffett's office until the response time had already expired. Mr. Rice states that when he finally contacted Moffett's office, he discovered that defendant Pastis had been working in Alabama and was therefore "unavailable" to Mr. Moffett prior to the response deadline, and that Mr. Moffett himself was out of the office for much of the time on active duty with the military. Defendants contends that these are the types of circumstances that Rule 60(b)(1) was intended to cover. The Court disagrees.

In determining whether there has been excusable neglect, the Court must take the performance of the client's attorney into account. United States v. Reyes, 307 F.3d 451, 456 (6th Cir. 2002). "[C]lients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396-97 (1993).

---

[1] The plaintiff contends that this statement is false and that the Court should require Mr. Rice to submit proof of this assertion. While the Court declines to require such specific proof, the Court is puzzled as to why mail addressed to Mr. Rice's current office address in Jackson, Tennessee, and mailed in Jackson, would have to be diverted through Memphis. It would appear logical that only mail addressed to his old office address would be so diverted. However, whether or not Mr. Rice received his copy of the motion for summary judgment fifteen days late is not critical to the Court's ruling on the present motion.

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' Smith v. Ayer, 101 U.S. 320, 326, 25 L.Ed. 955 [(1879)].

Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962). The defendants chose Mr. Moffett to represent them in this matter and Mr. Moffett associated Mr. Rice as local counsel. Therefore, the defendants are bound by the acts and/or omissions of both attorneys.

The defendants' motion to set aside is based primarily on the belief that it was solely Mr. Moffett's responsibility to respond to the motion for summary judgment. However, as stated, Mr. Rice is counsel of record in this case, not Mr. Moffett. Even accepting Mr. Rice's assertion that he received the motion fifteen days late, it would have been a simple matter to file a motion for an extension of time to respond if either Mr. Moffett or defendant Pastis were unavailable. However, Mr. Rice admittedly did nothing, contacting Mr. Moffett's office only when he realized that a response had not been filed. Mr. Rice does not indicate when he came to that realization, nor does he specify the date of his telephone call to Moffett's office.

The response to the motion for summary judgment was due on February 10, 2005, see Fed. R. Civ. P. 6(a) & (e). However, the Court did not issue a ruling until April 6, 2005. Thus, there should have been ample time to seek permission from the Court to file a late response to the motion after counsel realized no response had been filed. That is, unless counsel came to that realization only after the Court issued its ruling. Either way, Mr. Rice simply ignored the plaintiff's motion for summary judgment until it was too late.

4

The failure to respond to a motion for summary judgment or to request an extension of time to do so constitutes inexcusable neglect. Cacevic, 226 F.3d at 490-91 (citing Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir. 1984)).

> Denial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the "inadvertent mistake" of counsel. Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. . . . In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness. . . .

FHC Equities, L.L.C. v. MBL Life Assur. Corp., 188 F.3d 678, 685 (6th Cir. 1999) (quoting Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 356-57 (5th Cir.1993).

The Court finds that, given the circumstances of this case, the defendants have failed to establish that the failure to respond to the plaintiff's motion for summary judgment was the result of excusable neglect. Therefore, relief under Rule 60(b)(1) is not warranted. Accordingly, the defendants' motion to set aside summary judgment is DENIED.

IT IS SO ORDERED.


_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_5_ _May_ _2005_____
DATE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 1:04-CV-01332 was distributed by fax, mail, or direct printing on May 9, 2005 to the parties listed.

---

Russell Rice
RICE LAW FIRM
50 Stonebridge Blvd.
Jackson, TN 38305

Joe H. Byrd
BYRD DONAHOE & BYRD
P.O. Box 2764
Jackson, TN 38301--276

Honorable James Todd
US DISTRICT COURT